**W. I. BOWMAN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE and Orville L. Freeman, as Secretary of Agriculture, and United States of America, Respondents.**

**No. 22001.**

United States Court of Appeals
Fifth Circuit.

Nov. 1, 1965.

282

Robert E. Varner, Jones, Murray & Stewart, Montgomery, Ala., for petitioner.

Neil Brooks, Asst. Gen. Counsel, Dept. of Agriculture, John W. Douglas, Asst. Atty. Gen., Alan S. Rosenthal, Atty., Dept. of Justice, Jerome S. Ducrest, Robert E. Duncan, Attys., Dept. of Agriculture, Washington, D. C., for respondents.

Before MARIS,* RIVES and BELL, Circuit Judges.

MARIS, Circuit Judge:

On October 19, 1964 the petitioner, W. I. Bowman, filed in this court his petition for the review of an order of the Secretary of Agriculture under the Packers and Stockyards Act, 1921. 7 U.S.C.A. § 181 et seq. The review was sought under the Act of December 29, 1950, 64 Stat. 1129, 5 U.S.C.A. § 1031 et seq., known as the Hobbs Act, under which this court has jurisdiction to review such an order. The petitioner named the United States Department of Agriculture and Orville L. Freeman, Secretary of Agriculture, as respondents. On October 20, 1964 a letter transmitting a copy of the petition was mailed by the clerk of this court to the Department of Agriculture and a copy of the letter was mailed to the Attorney General. The Assistant General Counsel of the Department of Agriculture subsequently entered an appearance and on July 30, 1965, John W. Douglas, Assistant Attorney General, and Alan S. Rosenthal, Attorney, both of the Department of Justice, filed in this court and served upon the petitioner a brief for the respondents on which brief Neil Brooks, Assistant General Counsel, and Jerome S. Ducrest and Robert E. Duncan, Attorneys, all of the Department of Agriculture, were also named as counsel.

The respondents in their brief for the first time asserted that this court lacks jurisdiction of the petition for review because the United States was not formerly named as a respondent on the face of the petition. On September 1, 1965 the petitioner moved the court for leave to amend his petition by inserting in the caption the name of the United States of America as a respondent. The motion is opposed on the ground that the United States is a necessary respondent which it is now too late to bring in since the period of sixty days allowed by the Act of 1950 to file the petition for review has long since expired.

It is true that section 4 of the Act of 1950, 5 U.S.C.A. § 1034, provides, although rather inartistically, that the petition for review shall be filed against the United States, and that a copy of the petition shall be served upon the Attorney General, as well as upon the agency con-

* Of the Third Circuit, sitting by designation.

cerned. It is also true that section 8 of the Act, 5 U.S.C.A. § 1038, provides that while the Attorney General shall be responsible for and have charge and control of the interests of the Government in the proceeding, the agency concerned may appear as a party and be represented by counsel. In the present case it will be observed that the Attorney General, as well as the Department of Agriculture, received notice of the filing of the petition and that the Attorney General is presently representing the interests of the Government in the proceeding, having filed a respondents' brief on the merits of the review, a brief in which counsel for the agency respondents have joined. Thus it appears that all the requirements of the Act of 1950 have been met except the requirement, if it be such, that the United States be specifically named as respondent on the face of the petition.

Rule 39 of this court provides:

"Where this Court is given jurisdiction to review, enforce, or set aside the order of any board, commission, administrative agency or officer by a petition to this Court, the proceedings, where not otherwise provided by applicable statute or rule, shall conform as near as may be to the proceedings above prescribed for the review of orders of the National Labor Relations Board. In each case the agency, board, commission or officer concerned shall be named as respondent. The United States shall also be deemed a respondent, if so required by statute, even though not so designated in the petition."

Rule 39 was adopted by this court, with the approval of the Judicial Conference of the United States, under the authority conferred by section 11 of the Act of 1950, 5 U.S.C.A. § 1041. It is identical in respect of the provisions here involved with similar rules adopted

by all ten of the other courts of appeals, each likewise with the approval of the Judicial Conference.[1] In the light of its provisions, which are clearly within our rulemaking power, we hold that, in view of the mandate of the Act of 1950, the United States is and from the outset has been a respondent in the present proceeding in law and fact, even though not so named on the face of the petition and that the requirements of the Act of 1950 have thus been sufficiently met. That the rights of the United States have not been impaired by the absence of its name from the caption of the case is demonstrated by the fact that notice of the proceeding was given at its inception to the Attorney General, whose duty it is to represent the interests of the United States, and that he is performing that duty by submitting a brief on the merits of the controversy and, as we may assume, preparing to present oral argument on behalf of the United States at the hearing in this court which is scheduled to be held on November 4, 1965.

In view of what has been said it is apparent that the result of granting the pending motion will be merely to effect a technical amendment of the caption of the petition by including the United States therein as a stated party respondent, a party which has actually been a respondent in the proceeding by virtue of Rule 39 since the filing of the petition. The proposed correction is a purely formal one designed merely to disclose on the face of the papers a jurisdictional fact which presently exists, i. e., that the United States is a party respondent, which it is within our power to authorize at any time. 28 U.S.C. § 1653. While not necessary under Rule 39, it is certainly not inappropriate to amend the petition so as to disclose that fact specifically.

We need only add that Rule 39 and its counterparts in the other circuits were designed, inter alia, to prevent

1. District of Columbia, Rule 38
First Circuit, Rule 16
Second Circuit, Rule 13
Third Circuit, Rule 18
Fourth Circuit, Rule 27
Sixth Circuit, Rule 13
Seventh Circuit, Rule 14
Eighth Circuit, Rule 27
Ninth Circuit, Rule 34
Tenth Circuit, Rule 34

the provisions of section 4 of the Act of 1950 from becoming a trap for the unwary when they made the United States a necessary respondent in a proceeding to review the comparatively few agency actions with which it deals. For the fact is that the Act of 1950 is unique in making such a requirement in connection with the review of agency action by the courts of appeals. The many other statutes which provide for such review contemplate that the petition for review shall be brought against the agency which as respondent is to defend its own action. This is a logical procedure which the Congress has normally followed and as a result of familiarity with it in NLRB, FTC, FPC, SEC and many other types of cases an aggrieved party may well be misled into assuming, as the petitioner here apparently did, that it applies also to those few agency reviews covered by the Act of 1950. The time is past when purely technical defects in pleading of this sort which have not misled anyone should be permitted to prejudice a litigant's cause. One of the offices of Rule 39 is to prevent such injustice from happening in a case such as the one before us.

The motion for leave to amend the petition for review by inserting the name of the United States of America as a party respondent will be granted.